UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANET PALMER-CARRI, | : | Civ. No. 13-4373 (KM) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| MAPLEWOOD VILLAGE CONDO REGENCY MANAGEMENT and TOWNSHIP OF MAPLEWOOD, | : | |
| Defendants. | : | |

**THIS MATTER** having been opened to the Court by Defendant Township of Maplewood (the "Township"), through its counsel, Weiner Lesniak LLP, on a motion [ECF No. 12] to dismiss Plaintiff's complaint pursuant to Fed R. Civ. P. 12(b)(1) or 12(b)(6); and the Plaintiff having filed no response to the motion; the Court rules as follows:

On a Rule 12(b)(6) motion, the moving party bears the burden of showing that, despite taking the well-pleaded factual allegations of the complaint as true, making all inferences in plaintiff's favor, and construing a *pro se* plaintiff's allegations more liberally than lawyer-drafted pleadings, the plaintiff has failed to fulfill her obligation to state the "'grounds of [her] 'entitlement to relief'" and to set forth factual allegations sufficient to make such a claim of entitlement "plausible on its face." *E.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Indeed, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(1) motion directed to the Court's subject matter jurisdiction, the Court again views the complaint in the light most favorable to the Plaintiffs and reviews the factual allegations to determine whether it appears jurisdiction may be exercised, *e.g. Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999); *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678-680 (D.N.J. 2003), or whether the claims "'clearly appear[] to be immaterial and made solely for the purposes of obtaining jurisdiction' or [are]

'wholly insubstantial and frivolous.'" *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Plaintiff has alleged, as to the Township, that its police department and volunteer fire department "illegally monitored and viewed" her within her home "so that [a] person or persons entering [her home] unit can enter and leave without being caught," and has stated as causes of action against the township 1) harass[ment] within the township, 2) mortgage fraud, 3) tax fraud, 3) bank fraud, and 4) police discrimination/court discrimination.

The complaint does not cite any federal statute or Constitutional provision. The claims that might potentially constitute federal law causes of action, namely, the claims of fraud and discrimination, are not accompanied by any factual allegations tending to make such claims plausible on their face, inasmuch as the sole factual allegation against the Township is that its police and fire department are monitoring and viewing Plaintiff. Plaintiff's claims which may potentially constitute federal law causes of action lack allegations sufficient to make them anything more than "wholly insubstantial" and "frivolous."

**IT IS, ACCORDINGLY,** this 8th day of May, 2014,

**ORDERED** that Defendant Township of Maplewood's Motion to Dismiss is **GRANTED** and the claims against it be **DISMISSED WITHOUT PREJUDICE.**

_____
KEVIN MCNULTY, U.S.D.J.