UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JANET PALMER-CARRI, <br><br> Plaintiff, <br><br> v. <br><br> MAPLEWOOD VILLAGE CONDO REGENCY MGMT., TOWNSHIP of Maplewood <br><br> Defendant. | Civil Action No. <br><br> 2:13-CV-4373-KM-MCA <br><br> **ON MOTION TO DISMISS, [D.E. 24] FOR FAILURE TO PROSECUTE** |

REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

I.  INTRODUCTION

Before the Court is defendant Maplewood Village Condominium Association motion to dismiss the Complaint of plaintiff Janet Palmer-Carri for lack of prosecution. (D.E. 24). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Kevin McNulty, United States District Judge, has referred the instant matter to the undersigned for report and recommendation. For the reasons set forth herein, it is respectfully recommended that this action be **dismissed without prejudice.**

## II. BACKGROUND AND PROCEDURAL HISTORY

On July 18, 2013, Plaintiff Janet Palmer-Carri filed her complaint against defendants Township of Maplewood and the Maplewood Village Condominium Association, improperly named as Maplewood Village Condo Regency Mgmt. and Regency Management. (D.E. 1). Plaintiff asserted that she was being illegally monitored; has been poisoned and "gased"; has sustained property damage to the residence and personal effects; has had "dead birds and bugs" left on her porch and car; has been harassed by landscapers; has been locked out of her unit; and has had her automobile damaged. *Id.*

On September 20, 2013, former counsel for Defendants filed an Answer to Plaintiff's Complaint. (D.E. 5). On January 17, 2014, Township of Maplewood filed a Motion to Dismiss Complaint pursuant to Rules 12(b)(1) and (6) (D.E. 12) and on May 8, 2014, Judge McNulty granted Township of Maplewood's Motion to Dismiss and the claims against it be dismissed without prejudice. (D.E. 18). Afterwards, Maplewood Village Condominium Association remained as the sole defendant on record.

On October 16, 2014, the Court entered an Order scheduling a Rule 16 Conference with the remaining parties for December 15, 2014 at 11:30 a.m. before the Honorable Steven C. Mannion. (D.E. 20). The Status Conference was held on the scheduled date, however, Plaintiff did not appear. Maplewood Village

Condominium Association was granted leave to file a motion to dismiss for Plaintiff's failure to prosecute by January 9, 2015. (D.E. 21). The Plaintiff was to file her opposition by January 22, 2015. A copy of this text Order was sent, by Maplewood Village Condominium Association, to Plaintiff's last known address, however, mail was returned as undeliverable. (D.E. 22). Maplewood Village Condominium Association filed its Motion to Dismiss for Lack of Prosecution on January 9, 2015. (D.E. 24).

A status conference was set for March 13, 2015 before Judge Mannion to address D.E. 21 and D.E. 24; however, Plaintiff failed to submit papers showing good cause why the case should not be dismissed, and failed to appear for the status conference. Counsel for Defendant did appear.

### III. LEGAL STANDARD AND ANALYSIS

The Complaint in this matter may be dismissed by the District Court pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)

3

before dismissal. However, the *Poulis* factors need not be considered where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

Here, the docket shows Plaintiffs' most recent involvement occurred on September 24, 2013, in which Plaintiff submitted a request for Default Judgment to be entered against the Defendants. (D.E. 6, it was entered on September 25, 2013). The Court granted the Defendants' Motion to Answer Out of Time as the Plaintiff did not oppose the Motion. (D.E. 8). Plaintiff subsequently did not prosecute or appear at the scheduled Rule 16 Conference on December 15, 2014 or the status conference held on March 13, 2015. Plaintiff has failed to prosecute her claims for well over 120 days and good cause for that failure has thus far not been shown.

4

**IV. CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this matter be **dismissed without prejudice** for failure to prosecute. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2) to show that they have valid claims and to provide proofs that they have respectively been actively pursuing their claims.

The Clerk will mail copies of this Report to the Plaintiff at the addresses set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/13/2015 3:58:04 PM

c (via ECF):

Defense Counsel


c (via U.S. Mail):

Janet Palmer-Carri
407 Irvington Ave.
Floor 2
South Orange, New Jersey 07079

Janet Palmer-Carri
126D Boyden Ave.
Maplewood, New Jersey 07040

5